## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                        In Proceedings
                                              Under Chapter 7
CONNIE L. MELCHING,
                                              Case No. 15-31947
        Debtor(s).

### OPINION

In this case, the Court is asked to decide whether a chapter 7 debtor may claim two separate exemptions, each in the amount of $15,000.00, for payment received on account of personal bodily injury.  The Debtor seeks to exempt $15,000.00 for personal bodily injury arising from a pre-petition automobile accident, as well as $15,000.00 for injuries related to a pre-petition products liability claim.  The Court finds that under the Illinois exemption statute governing payment for personal bodily injury, the Debtor is limited to a maximum exemption of $15,000.00.

### Facts

The Debtor, Connie L. Melching, filed a chapter 7 petition on December 1, 2015.  On Schedule C, the Debtor claimed a $15,000.00 exemption for a "claim for personal injury v. Woody Boogler Trucking Inc. and driver Scott Buchheit."[1]  In a supplemental Schedule C filed on March 5, 2018, the Debtor claimed another $15,000.00 exemption for a products liability claim described in part as "class action claim v. Eli Lilly & Co."[2]   Both exemptions were claimed under 735 ILCS 5/12-1001(h)(4).  The Trustee filed an objection to exemptions, arguing

---

[1] The value of the claim was listed as "unknown," but the claim was subsequently settled in the gross amount of $550,000.00.

[2] Although the value of the claim was listed as "unknown," supplemental Schedule C describes the claim as "probably worth $25,000 gross settlement, $11,000 net of costs of litigation; less any medical liens."

that the total exemption amount claimed by the Debtor for personal bodily injury, *i.e.*, $30,000.00, exceeds the $15,000.00 statutory maximum.

Discussion

A debtor may elect to exempt property from the bankruptcy estate under § 522(d) of the Bankruptcy Code unless the state in which the debtor is domiciled prohibits such an election.  11 U.S.C. §§ 522(b)(1) & (2).  Illinois is one such state prohibiting the election.[3]  The Debtor in the instant case is an Illinois resident and therefore may use only the exemptions authorized by Illinois law.

The Illinois exemption statute on which Debtor relies provides:

> § 12-1001. Personal property exempt.  The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent….
>
> (h) The debtor's right to receive, or property that is traceable to….
>
> (4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent….

735 ILCS 5/12-1001(h)(4).  The Debtor disagrees with the Trustee's assertion that her total exemption for personal bodily injury is limited to $15,000.00.  Instead, the Debtor argues that under paragraph (h)(4), she may claim a $15,000.00 exemption for *each* unrelated personal injury that she has sustained.

To resolve this dispute, the Court must interpret the exemption statute pursuant to the statutory rules of construction adopted by the Illinois courts.  *In re Barker*, 768 F.2d 191, 194-96 (7th Cir. 1985); *In re Rhodes*, 147 B.R. 443, 445 (Bankr.N.D.Ill. 1992) (courts construe the

---

[3] The Illinois statute governing bankruptcy exemptions provides that "residents of this State shall be prohibited from using the federal exemptions provided in Section 522(d) of the Bankruptcy Code … except as may otherwise be permitted under the laws of Illinois."  735 ILCS 5/12-1201.

Illinois personal property exemption statute using the rules of construction set forth by the Illinois Supreme Court).    In Illinois, "the primary rule of statutory construction is to ascertain and effectuate the legislature's intent."   *In re Robinson*, 811 F.3d 267, 269 (7th Cir. 2016).   *See also People v. Grant*, 52 N.E.3d 308, 313 (Ill. 2016); *People v. Perez*, 18 N.E.3d 41, 44 (Ill. 2014).   The "best and most reliable indicator of that intent is the statutory language itself, given its plain and ordinary meaning."   *People v. Grant*, 52 N.E.3d at 313.   "If the language is clear, the court must give it effect and should not look to extrinsic aids for construction."   *In re Robinson*, 811 F.3d at 269 (citing *In re Marriage of Logston*, 469 N.E.2d 167, 171 (1984)).   An "interpretive conflict" alone does not lead to the conclusion that the wording of a statute is ambiguous.  *In re Robinson*, 811 F.3d at 271.

When determining the plain and ordinary meaning of statutory language, a court may consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it.   *People v. Grant*, 52 N.E.3d at 313.   The Illinois Supreme Court explains:

> A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation.   Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous…. The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another.   Also, a court presumes that the General Assembly, in its enactment of legislation, did not intend absurdity, inconvenience, or injustice.

*People v. Perez*, 18 N.E.3d at 44 (citations omitted).

The trustee relies on *In re Rhodes*, 147 B.R. 443 (Bankr.N.D.Ill. 1992), a decision interpreting paragraph (h)(4) of the Illinois exemption statute.   In *Rhodes*, each debtor suffered

personal bodily injuries arising from four separate and unrelated incidents (two incidents per debtor). They claimed a total of four exemptions in the amount of $7,500.00 each, one for each incident of injury. The trustee objected, arguing that each debtor was entitled to only one exemption in the amount of $7,500.00.[4]

In ruling for the trustee, the court first acknowledged that the goal of statutory construction is to effectuate the legislature's intent, and "[t]o find that intent, the court starts with the statute's language itself." *Id*. at 445. The court found that the plain language of the statute did not support debtors' position:

> What is exempted is "[t]he debtor's right to receive, or property that is traceable to … a payment on account of personal bodily injury." This language plainly exempts (1) the debtor's right to receive payment of a particular type and (2) property that is traceable to such a payment. The nature of the payment is specified by the phrase "on account of personal bodily injury." Paragraph (h)(4) contains no language relating to the number of personal injuries. Accordingly, the statutory language, on its face, offers no support for an exemption that varies in amount depending on the number of personal injuries affecting a debtor.

*Id*. at 446.

The court also employed certain canons of statutory construction to interpret the statute, including (1) consideration of the statutory scheme as a whole, (2) the presumption against absurdity and injustice and (3) the last antecedent doctrine. Applying these canons, the court found that the statutory scheme as a whole contradicted the debtors' position. *Id*. at 446-47. The court noted that while paragraph (c) of the statute limits the exemption for motor vehicles to one, the statute otherwise categorizes exempt property only by its *nature*, not by its number. Thus, the phrase "on account of personal bodily injury" should be interpreted "as defining the nature of

---

[4] At the time of the *Rhodes* decision, the Illinois exemption statute for personal bodily injury was cited as Ill.Rev.Stat. ch. 110, § 12-1001(h)(4) and the maximum exemption amount was $7,500.00.

the payment that is exempt and not the number of injuries." *Id*. at 447.   The *Rhodes* court

further found that debtors' interpretation of the statute would result in disparate treatment for

similarly situated debtors.   *Id*.   For example, if an individual received $75,000.00 for injuries

arising from a single incident, that person would receive the statutory exemption of $7,500.00.

If, however, another person sustained the very same injuries in the course of ten separate

incidents, that individual could exempt the entire $75,000.00.

The *Rhodes* court discussed the difficulty with the location of the phrase "not to exceed

$7500" when applying the "last antecedent doctrine."   The last antecedent doctrine is a rule of

statutory construction and means that "qualifying words, phrases or clauses are to be applied to

the word or phrases immediately preceding, and not as extending to or including other words,

phrases or clauses more remote."   *Id*. at 446 (citations omitted).   Under the doctrine, the phrase

"not to exceed $7500" would modify the word "payment."   However, the doctrine is not applied

when "the intent of the legislature disclosed by the context and reading of the entire statute

requires such an extension or inclusion."   *Id*. at 447 (citations omitted).   The court in *Rhodes*

found that based on the exemption statute as a whole, the last antecedent doctrine did not apply:

> The Illinois personal property exemption law, as a whole, operates
> by identifying the debtor's exemptible personal property in an
> exhaustive list….   In parallel to each of the other exemption
> paragraphs, *the personal property dealt with by paragraph (h)(4) is
> the debtor's right to receive payment on account of personal bodily
> injury and property traceable to such a payment*.   No provision of
> the Illinois personal property exemption law exempts, much less
> identifies, a "payment" as the debtor's personal property."

*Id*. (emphasis added).   The court concluded that "paragraph (h)(4)'s clause 'not to exceed $7500

in value' modifies all personal property of the type specified by the paragraph:  the debtor's right

to receive payment on account of personal bodily injury and property traceable to such payment." *Id*. at 447-48.

The issue of whether debtors are entitled to exempt more than the statutory maximum for personal bodily injury also has arisen in cases involving the federal exemption statute, which is analogous to the Illinois statute.  Section 522(d) of the Bankruptcy Code provides:

> (d) The following property may be exempted under subsection (b)(2) of this section….
>
> (11) The debtor's right to receive, or property that is traceable to….
>
> (D) a payment, not to exceed $23,675, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent….

11 U.S.C. § 522(d)(11)(D).

In *In re Christo*, 192 F.3d 36 (1st Cir. 1999), the debtor claimed three exemptions, each in the amount of $15,000.00, for three personal injury claims arising from three separate pre-petition accidents, for a total of $45,000.00.[5]  The debtor argued that § 522(d)(11)(D) was unclear on its face, and that based on the statutory scheme and legislative history, the statute should be read to allow an exemption of $15,000.00 for each separate personal injury claim.  *Id*. at 38.  The trustee countered that the language of the statute was clear, that the statutory scheme contradicted the debtor's position and that to find otherwise would lead to nonsensical results. *Id*.  The Bankruptcy Court ruled in favor of the trustee and the Bankruptcy Appellate Panel ("BAP") affirmed.  *In re Christo*, 228 B.R. 48 (B.A.P. 1st Cir. 1999).  On appeal, the First Circuit Court of Appeals affirmed the BAP's decision.  *In re Christo*, 192 F.3d at 38-39.

---

[5] At the time *Christo* was decided, the statutory exemption amount in § 522(d)(11)(D) for personal bodily injury was $15,000.00.

The First Circuit found that the overall scheme of § 522(d) showed a pattern of allowing one exemption per category. Thus, the phrase "on account of personal bodily injury" defines the *nature* of the exemption and not the *number* of injuries suffered. *Id*. (emphasis in original). Moreover, the court explained, the purpose of exemptions is to provide support for debtors at a reasonably necessary level. "[T]he reasonably necessary level should not, logically, vary to provide more in total exemption amount to someone who is in three minor accidents than one who is in a single catastrophic accident." *Id*. at 38.

The Debtor in the instant case relies primarily on two other decisions interpreting the federal exemption statute, *In re Marcus*, 172 B.R. 502 (Bankr.D.Conn. 1994) and *In re Comeaux*, 305 B.R. 802 (Bankr.E.D.Tex. 2003). In *Marcus*, the debtor was involved in two separate pre-petition automobile accidents, and claimed a $7,500.00 exemption for personal bodily injury for each accident.[6] The court found that the language of § 522(d)(11)(D) was ambiguous. To resolve the perceived ambiguity, the court considered both the statutory scheme outlined in § 522(d) and the statute's legislative history. The court noted that other subsections of § 522(d) contain a reference to the debtor's "aggregate interest" in property, and that the absence of such restrictive language in subsection (d)(11)(D) indicated a Congressional intent not to limit debtors to a single personal injury exemption for multiple accidents. *Id*. at 504. Citing § 522(d)(2) – the federal exemption statute for a motor vehicle - the court further noted that when Congress wanted to limit exemptions on property to a single exemption, it did so.[7]

---

[6] The exemption amount for personal bodily injury in § 522(d)(11)(D) was $7,500.00 at the time of the *Marcus* decision.

[7] At the time of the *Marcus* decision, § 522(d)(2) allowed an exemption for "the debtor's interest, not to exceed $1200 in value, in any *one* motor vehicle." 11 U.S.C. § 522(d)(2) (emphasis added). The statutory language today is the same, but the exemption amount has increased to $3,775.

The *Marcus* court also found that the legislative history "partially illuminates this interpretation of § 522(d)(11)(D)." *Id.* The court explained:

> The Report of the Commission on Bankruptcy Laws of the United States, H.R. Doc. No. 93-137, 93rd Cong., 2sst Sess. (1973) (Commission Report) includes a proposed list of federal exemptions, under which a debtor could exempt "(8) proceeds, benefits or other rights to which the debtor is entitled as a result of any personal injury or unemployment…." *Id.* § 4-503(c)(8). The Note following this provision explains that although other preceding clauses "contain limitations to specified aggregate values … the value of property exempted by clause[] … (8) … is not limited."

*Id.* According to the court, Congress later modified the Commission Report exemptions to include dollar and other limitations, "but the House Report contains nothing to indicate that the 'aggregate values' distinction of the Commission was rejected." *Id.* The court concluded that the language of the entire exemption provision, taken together with the legislative history, "lead to the reasonable conclusion that Congress intended that a debtor may exempt the right to payment for *any* personal injury up to the statutory maximum…." *Id.* at 505 (emphasis added).

In *Comeaux*, the debtors claimed three separate exemptions, each in the amount of $17,425.00, for personal bodily injury arising from three separate incidents.[8] The trustee, citing *In re Christo*, argued that § 522(d)(11)(D) limited each debtor to a single exemption of $17,425.00. The *Comeaux* court found that the language of § 522(d)(11)(D) was ambiguous and "could stand some improvement," but concluded that the analysis in *Marcus* was more compelling. *In re Comeaux*, 305 B.R. at 806. The court agreed that the "aggregate interest" language included in other subsections, but not in § 522(d)(11)(D), indicated an intent by

---

[8] The exemption amount for personal bodily injury increased to $17,425.00 by the time of the *Comeaux* decision..

Congress not to limit the exemption for personal bodily injury to an aggregate amount of $17,425.00. *Id.* Rejecting the holding in *In re Christo*, the court stated:

> The conclusion by the majority in *Christo*, that the grammatical use of "the article "a," when combined with the use of the singular term "payment," indicates the exemption of only a singular payment, even in circumstances in which multiple payments from separate torts exist, is speculative at best. It seems more plausible to this Court that "a payment … on account of personal bodily injury" would refer to any such payment as might be received, particularly in the light of the repeatedly demonstrated ability of the Congress in § 522 to utilize numeric limits and aggregate monetary caps in order to constrict a debtor's ability to exempt property from the scope of the bankruptcy estate.

*Id.* at 806-07.

This Court respectfully disagrees with the reasoning set forth in the *Marcus* and *Christo* cases. Instead, the Court agrees with the *Rhodes* decision. The phrase "on account of personal bodily injury" defines the *nature* of the payment that is exempt, not the *number* of injuries suffered. Therefore, the exemption amount allowed by 735 ILCS 5/12-1001(h)(4) cannot exceed $15,000.00.

As previously stated, the primary goal of statutory construction in Illinois is to ascertain the legislature's intent. The Court begins with the language of paragraph (h)(4), which "plainly exempts" (1) the debtor's right to receive payment *of a particular type* (*i.e.*, "on account of personal bodily injury") and (2) property that is traceable to such a payment. *In re Rhodes*, 147 B.R. at 446 (emphasis added). There is no language in the statute relating to the *number* of personal bodily injuries. In short, the statutory language, on its face, is not ambiguous and "offers no support for an exemption that varies in amount depending on the number of personal injuries." *Id.*

Consideration of the entire statutory scheme further supports the conclusion that the exemption amount for personal bodily injury is *not* dependent on the number of injuries.  The categories of exempt property listed in paragraphs (a) through (g) of the statute are organized by the *type or nature* of property, such as necessary wearing apparel, tools of the trade, professionally prescribed health aids, and life insurance.  *See* 735 ILCS 5/12-1001(a)-(g). Paragraph (h) continues the pattern of categorizing exempt property according to its nature.  It exempts the debtor's right to receive, or property that is traceable to:

> (1) an award under a crime victim's reparation law;
> (2) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor;
> (3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor;
> (4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent; and
> (5) any restitution payments made to persons pursuant to the federal Civil Liberties Act of 1988 and the Aleutian and Pribilof Island Restitution Act.

735 ILCS 5/12-1001(h)(1)-(5).  When read as a whole, paragraph (h) appears to cover specific, *one-time* catastrophic events.  It logically follows that paragraph (h)(4) was not intended to grant *multiple* $15,000.00 exemptions. Moreover, the Court agrees with the conclusion in *Rhodes* that based on the entire statutory scheme, the phrase "not to exceed $15,000" does not modify the word "payment."  Instead, the phrase modifies the "right to receive payment on account of personal bodily injury and any property traceable to such payment."  *In re Rhodes*, 147 B.R. at 447-48.

Debtor urges this Court to adopt the reasoning of *Marcus* and *Comeaux* when analyzing 735 ILCS 5/12-1001 in its entirety.  Specifically, the Debtor argues that when the Illinois

legislature wanted to limit an exemption to an aggregate value, or place numeric limitations on an exemption, it did so.   For example, paragraph (d) allows an exemption for "[t]he debtor's equity interest, *not to exceed $1,500 in value*, in any implements, professional books, or tools of the trade of the debtor."   735 ILCS 5/12-1001(d) (emphasis added).   Likewise, the legislature placed a limit on the number of motor vehicles a debtor may exempt.   Paragraph (c) of the exemption statute allows an exemption for "[t]he debtor's interest, not to exceed $2,400 in value, in any *one* motor vehicle."   735 ILCS 5/12-1001(c) (emphasis added).   According to the Debtor, the absence of "aggregate value" language and numeric limits in paragraph (h)(4) indicates that the Illinois legislature intended to allow more than a single exemption for personal bodily injury.

The Court disagrees.   The aggregate value limitation on exemptions for implements, professional books, or tools of the trade makes sense.   The Illinois legislature could have reasonably anticipated the possibility of multiple claims of exemption in this category since a debtor could have a number of small tools or reference books.  *See In re Christo*, 228 B.R. 48, 51 (1st Cir.BAP 1999) (reaching the same conclusion with regard to aggregate value limits in the federal exemption statute).   On the other hand, it seems unlikely that the legislature would anticipate multiple incidents of personal bodily injury.   The same holds true for the limit on the number of motor vehicles a debtor may exempt.   Because of the likelihood that debtors may own more than one vehicle, it is easy to understand the necessity of restricting the number of exemptions.

The court agrees that while the trustee's interpretation of paragraph (h)(4) is "not without difficulty," it is the best interpretation.  *In re Rhodes*, 147 B.R. at 447.   This is particularly true when considering the injustice that would result from the Debtor's interpretation of the statute. Pursuant to the rules of statutory construction in Illinois, the Court may presume that the Illinois

legislature did not intend absurdity, inconvenience or injustice when it enacted the exemption statute in question. *See People v. Perez*, 18 N.E.3d at 44. The injustice resulting from the Debtor's interpretation of paragraph (h)(4) is evident: A debtor suffering injuries that are compensable in the amount of $50,000.00, arising from a single incident, would receive an exemption of $15,000.00. Another debtor who sustains the same injuries in three separate unrelated incidents would receive a total exemption of $45,000.00.

The purpose of the Illinois exemption statutes is "to prevent a debtor from being completely deprived of the means of supporting his family and from becoming a public charge." *In re Barker*, 768 F.2d at 195. *See also In re Woodside*, 538 B.R. 518, 525 (Bankr.C.D.Ill. 2015) (purpose behind statutory exemptions is to secure necessary shelter and personal property for the debtor and his family in times of difficult economic circumstances). While multiple incidents of personal bodily injury *may* require more financial support than a single incident, that is not necessarily the case. The converse is also possible *i.e.*, a debtor may sustain more severe injuries in just a single incident. Determination of the amount needed to support a debtor should not depend on the number of injuries suffered. *See In re Christo*, 192 F. 3d at 39 (the exemption statute sets a cap of $15,000.00 to be exempted on account of bodily injury, and there is no indication that amount should be multiplied depending on an individual debtor's situation); *In re Rhodes*, 147 B.R. at 447 (the number of incidents has no bearing whatever on the debtor's need for funds.)[9]

---

[9] The Court notes that *In re Rhodes* is the only published opinion in Illinois addressing the question of whether paragraph (h)(4) allows multiple exemptions. *Rhodes* was decided in 1992. Paragraph (h)(4) was amended in 2005 to increase the exemption amount from $7,500.00 to $15,000.00. *See* 2005 Ill.Legis.Serv.P.A. 94-293. The language of the paragraph otherwise remains the same. Despite the published *Rhodes* decision, the state legislature did nothing to change or clarify the paragraph to fit the Debtors' interpretation.

The Court recognizes the well-established rule that exemption statutes are to be liberally construed in favor of the debtor.  This rule, however, "does not give *carte blanche* to the debtor." *In re McLaren*, 227 B.R. 810, 813 (Bankr.S.D.Ill. 1999).  "Liberal construction … does not entail judicial re-drafting, and a court must be mindful to avoid interpreting an exemption statute in a way not contemplated by the legislature…."  *In re Simpson*, 238 B.R. 776, 779 (Bankr.S.D.Ill. 1999) (citing *Matter of Schriar*, 284 F.2d 471, 474 (7th Cir. 1960)).

For the reasons set forth above, the Court finds that the Debtor is limited to a maximum exemption of $15,000.00 on account of personal bodily injury.  Accordingly, IT IS ORDERED that the Trustee's objection to exemptions is SUSTAINED.

See Order entered this date.

ENTERED: August 7, 2018

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE